Robert JENKINS, Appellant,

v.

James PURKETT, Appellee.

No. 91–2333.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1992.

Decided May 8, 1992.

Robert C. Cook, St. Louis, Mo., argued, for appellant.

John William Simon, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

LOKEN, Circuit Judge.

Robert Jenkins appeals the denial of his petition for a writ of habeas corpus, alleging that the State of Missouri violated his Sixth Amendment right to a speedy trial by failing to commence his trial within six months after he requested disposition under the Interstate Agreement on Detainers (IAD). We affirm.

In 1978 Missouri charged Jenkins with burglary and stealing; he failed to appear for trial. California subsequently imprisoned him for an unrelated offense. In October 1987, Jenkins completed a request for disposition of the Missouri charges, and a California prison official mailed copies of the request to the Missouri trial court and to the prosecutor, addressing both envelopes to the court. In Missouri, a court clerk acknowledged receipt of both envelopes but neither filed the request nor forwarded a copy to the prosecutor. The signed certified mail receipt forms were returned to California.

On February 17, 1988, the Missouri prosecutor first learned of Jenkins's request during a telephone call from the California prison officials. Two days later, acting pursuant to Mo.Rev.Stat. § 217.490, which codified the IAD in Missouri, the prosecutor mailed an "Agreement on Detainers Form VII," accepting California's offer to surrender temporary custody of Jenkins to Missouri. In March 1988, Jenkins completed serving his California sentence and returned to Missouri.

On June 7, 1988, Jenkins appeared for trial on the burglary and stealing charges. Before trial, he moved to dismiss under Article III.1 of § 217.490, alleging that he was not being tried

within one hundred eighty days after he ... caused to be delivered to the prosecuting officer and the appropriate court ... written notice of ... his request for a final disposition ... of the indictment.

In arguing this motion, Jenkins stipulated that the prosecutor had no notice of the request before February 17, 1988. Based upon that stipulation, the trial court denied the motion, concluding that there was no violation of § 217.490 because the 180 day period did not begin to run until the prosecutor received actual notice of the request for disposition. After this ruling, Jenkins agreed to submit the case to the court on the basis of the 1978 police reports, "so that we may appeal the matter further." The trial court adjudged him guilty of burglary and stealing and sentenced him to eight year and five year concurrent terms.

In the state courts, Jenkins renewed his speedy trial claim both on direct appeal and by a motion for post-conviction relief. The Missouri Court of Appeals denied both avenues of relief in a consolidated appeal, concluding that § 217.490 was not violated because the 180 day period began to run on February 19, 1988, when the prosecutor mailed the agreement to accept temporary custody to California. *State v. Jenkins,* 778 S.W.2d 815 (Mo.Ct.App.1989).

Jenkins then filed a pro se petition for federal habeas relief, alleging that the Missouri trial court lacked jurisdiction because he was not tried within 180 days of his request for disposition. After requesting and receiving a response from the state, the magistrate judge[1] recommended denial on the grounds that any violation of state law was not cognizable in habeas, and that there was no violation of Jenkins's Sixth Amendment right to a speedy trial under the balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The district court[2] accepted that recommendation and denied the petition.

On appeal, Jenkins first argues that Missouri denied him his Sixth Amendment right to a speedy trial when it violated § 217.490 by failing to bring him to trial within 180 days of his request for disposition. The state courts held that the trial in early June did not violate § 217.490, based upon Jenkins's stipulation that the prosecutor had no notice of the request until mid-February. We are bound by this interpretation of Missouri's enactment of the IAD, which is consistent with the plain language of the statute.

Based upon the state courts' interpretation of § 217.490, we are inclined to believe that Jenkins's trial did not involve the kind of "presumptively prejudicial" delay that triggers the Sixth Amendment analysis of *Barker v. Wingo, see* 407 U.S. at 530, 92 S.Ct. at 2192. But in any event, we agree with the district court's *Barker v. Wingo* analysis—the delay was not inordinate, there was good reason for the delay because of the prosecutor's lack of timely notice, and Jenkins failed to allege any prejudice with regard to the delay. Thus, there was no violation of Jenkins's Sixth Amendment right to a speedy trial.[3]

Jenkins further argues that he was entitled to appointment of counsel and an evidentiary hearing on the *Barker v. Wingo* factors. We disagree. The Missouri court's finding that the prosecutor did not receive notice of the request until February 1988 is fatal to Jenkins's claim of constitutionally inordinate delay. Equally significant, he has shown no prejudice from the delay that did occur. These two factors preclude Sixth Amendment relief under *Barker v. Wingo,* even if all his other factual allegations are true. Thus, an evidentiary hearing was not required. *See, e.g., Amos v. Minnesota,* 849 F.2d 1070, 1072 (8th Cir.), *cert. denied,* 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988).

Finally, Jenkins alleges that we should not permit his Sixth Amendment rights to

---

1. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

2. The Honorable John F. Nangle, United States Senior District Judge for the Eastern District of Missouri.

3. Jenkins raises for the first time on appeal a conclusory and unsupported claim of ineffective assistance of trial counsel regarding the speedy trial issue, which we do not consider because he did not present it to the district court.

be "sabotaged" by the California officials who misdirected his request for disposition, or by the Missouri court clerk who failed to forward his request to the prosecutor. This argument stands the *Barker v. Wingo* analysis on its head. The Supreme Court has consistently recognized that a prosecutor's trial delay that is "purposeful or oppressive" is more threatening to a defendant's Sixth Amendment interests than a delay caused by official negligence or inadvertence. *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966), quoting *Pollard v. United States,* 352 U.S. 354, 361, 77 S.Ct. 481, 485, 1 L.Ed.2d 393 (1957). Given the modest delay and complete lack of prejudice in this case, there was simply no Sixth Amendment violation, whatever the circumstances surrounding the mailing and receipt of Jenkins's October 1987 request for disposition.[4]

The judgment of the district court is affirmed.

---

**4.** Jenkins's sabotage argument is based upon *United States v. Smith,* 696 F.Supp. 1381 (D.Ore. 1988), which involved the remedy for a violation of the federal IAD statute in a federal prosecution. Without agreeing or disagreeing with the decision in *Smith,* we note that the Sixth Amendment violation alleged in this § 2254 habeas proceeding poses entirely different issues.