Byron STEWART, Appellant,

v.

Crispus NIX, Appellee.

No. 91–2854.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided Aug. 14, 1992.

Rehearing Denied Sept. 16, 1992.

---

David Butler, Des Moines, Iowa, argued, for appellant.

Thomas D. McGrane, Des Moines, Iowa, argued, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Byron Stewart appeals from a final order entered in the District Court[1] for the Southern District of Iowa denying his petition for a writ of habeas corpus. *Stewart v. Nix*, Civil No. 87–307–E (S.D.Iowa July 31, 1991) (order). For reversal, Stewart argues that the district court erred in finding that the state trial proceeding did not violate his constitutional rights (1) to speedy trial or (2) to be present during the court's response to a jury question. For the reasons discussed below, we affirm the order of the district court denying Stewart's petition for a writ of habeas corpus.

## I

Stewart was tried in state court for robbery and the lesser included offense of assault with intent to inflict serious injury. The trial was scheduled to begin July 6, 1982, but Stewart's trial lawyer requested a continuance because he needed more time to prepare and because he would be unavailable at the end of the week of July 6. Stewart was not present at that proceeding. The state trial court granted the continuance and postponed the trial to July 26, 1982, which was 95 days after the information was filed and five days beyond the 90–

---

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Southern District of Iowa.

day maximum set by Iowa R.Crim.P. 27(2)(b).[2]

On July 26, 1982, Stewart told the state trial court that he had never authorized his lawyer to seek a continuance or to waive his right to speedy trial, and demanded that the state trial court dismiss his case on speedy trial grounds. After holding a pretrial hearing on Stewart's motion to dismiss, the state trial court concluded that the continuance did not violate Stewart's rights, and the case went to trial.

After the case had been submitted to the jury, the jury sent a written inquiry to the state trial court:

> We are at a point where 10 jurors vote "guilty" to the charge of robbery in the first degree. 2 jurors vote "not guilty" to this charge. All 12 agree that assault with intent to inflict serious injury was committed.
>
> Part of those voting "guilty" to robbery in the first degree do not wish to settle for the lesser charge.
>
> Is a guilty verdict [for assault] with intent to inflict serious injury appropriate at this point?
>
> Larry E. Hart
> Foreman

In Stewart's absence, the state trial court sent the following written response to the jury:

> Please review the instructions. A verdict must be unanimous.

The jury eventually found Stewart guilty of robbery.

Stewart exhausted his state court remedies and then petitioned the district court for a writ of habeas corpus, arguing that the conviction violated his right to a speedy trial and his right to be present during communications between the judge and jury. The district court held an evidentiary hearing in which Stewart's trial lawyer, James Piazza, stated by affidavit that he was present in the judge's chambers, without a court reporter, when the judge considered the jury's question, but that he was not afforded an opportunity to comment on or object to the response. The state does not dispute this.[3] The district court noted that Stewart did not learn of the jury question or the state trial court's response until a "significant period of time after it occurred," that "no court reporter was present," and that "[t]he opportunity to make a record was limited at best." Slip op. at 7. The district court concluded that the state trial court should have consulted both attorneys about an appropriate response—in Stewart's presence—and tried to answer the jury's question rather than refer the jury back to its earlier instructions,[4] but that the response was innocuous nonetheless and did not render the trial as a whole fundamentally unfair. *Id.* at 8–10, 14–15.

In addressing the speedy trial issue, the district court applied the balancing test articulated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), in which the Court weighed the conduct of the prosecution and the defendant to determine whether a delay violated the defendant's Sixth Amendment right to a speedy trial. The district court, noting that Stewart's attor-

---

**2.** Iowa R.Crim.P. 27(2)(b) states:

If a defendant indicted for a public offense has not waived his or her right to a speedy trial he or she must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

**3.** The State did, however, submit to the district court a memo written by Lana Hansen. (The district court order does not make clear Hansen's connection to the proceedings.) According to her memo, she had a conversation with Polk County Attorney D. William Thomas, in which Thomas said that Piazza stated that "de-

fense counsel had been present [when the judge responded to the jury question] and had agreed to the wordings of [the trial judge's] response before the Judge sent it to the jury." *Stewart v. Nix,* Civil No. 87–307–E, slip op. at 2 n. 1 (S.D.Iowa July 31, 1991).

**4.** The district court suggested the following as a more proper reply:

Yes, a guilty verdict with intent to inflict serious injury is appropriate now if you cannot unanimously agree on the guilt or innocence of the defendant in relation to the robbery in the first degree charge.

*Id.* at 10.

ney caused the delay, held that the length of the delay was not prejudicial. Slip op. at 15. Stewart appeals, challenging both the speedy trial and "presence" issues.

## II

■ Errors of state law do not provide a basis for federal habeas corpus relief. *Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (*McGuire*) (quoting *Lewis v. Jeffers,* 497 U.S. 764, ——, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)); *Berrisford v. Wood,* 826 F.2d 747, 753 (8th Cir.1987), *cert. denied,* 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). A federal court may issue a writ of habeas corpus only when a conviction violates the constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241, 2254; *McGuire,* —— U.S. at ——, 112 S.Ct. at 480.

### A

■ First, Stewart argues that he is entitled to habeas relief because his trial did not begin until 95 days after indictment, five days beyond the 90–day deadline established by Iowa statute.[5] A *state* statute, however, has no bearing on whether the State violated Stewart's *federal* right to a speedy trial as protected by the Sixth Amendment. This court may grant Stewart habeas relief only if his conviction violated his federal rights. Stewart's case does not present a federal constitutional speedy trial violation.

Like the district court, we apply the Supreme Court's *Barker v. Wingo* analysis. The Court listed four considerations: length of delay, reason for delay, the defendant's assertion of the right, and prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. at 2192. "Length of delay" is a threshold issue, and a court must determine whether a delay is "presumptively prejudicial," *United States v. Loud Hawk,* 474 U.S. 302, 314, 106 S.Ct. 648, 655, 88 L.Ed.2d 640 (1986), taking into consideration the particulars of each case, *Barker v.*

*Wingo,* 407 U.S. at 530–31, 92 S.Ct. at 2192–93.

■ The 95–day period in the present case was not prejudicial. *See, e.g., Jenkins v. Purkett,* 963 F.2d 1117, 1118 (8th Cir. 1992) (six month delay not presumptively prejudicial), *petition for cert. filed,* No. 91–8713 (U.S. June 22, 1992). Stewart's defense attorney, not the prosecution, caused the delay by requesting a continuance, and delays attributable to defense counsel are weighed less heavily against the prosecution in evaluating a Sixth Amendment speedy trial claim. *E.g., Matthews v. Lockhart,* 726 F.2d 394, 397 (8th Cir.1984).

Stewart argues that he did not authorize his defense attorney to request a continuance, but he does not make (and this is not) an ineffective assistance of counsel claim. Generally, motions for a continuance pertain to trial tactics or conduct of the trial process and are largely left to trial counsel's discretion. Courts will rarely interfere with or second-guess such motions unless counsel's action is so prejudicial as to make the trial unfair. Here, Stewart has shown no prejudice. Accordingly, we hold that the 95–day delay was not "presumptively prejudicial" and did not violate Stewart's Sixth Amendment speedy trial right.

### B

Second, Stewart argues that the state trial court violated his right to be present when it answered in writing a written question asked by the jury during deliberations. He argues that the jury's question indicated that they had reached a verdict—guilty to the lesser included offense of assault with intent to inflict serious injury, not guilty with respect to robbery—and that the state trial court's response improperly influenced the jury's final decision. Stewart's argument is not without merit. Nevertheless, we agree with the district court that the state trial court's response does not warrant habeas relief. We base our decision, however, on slightly different grounds.

---

**5.** *See supra* note 2.

The Fifth and Sixth Amendments protect a criminal defendant's right to be present at all stages of the trial, *United States v. Hood*, 593 F.2d 293, 298 (8th Cir.1979) (quoting *United States v. Treatman*, 524 F.2d 320, 323 (8th Cir.1975)), and a trial court must provide the defense attorney with notice and a meaningful opportunity to object before responding to a question asked by the jury once deliberations begin. *Rogers v. United States*, 422 U.S. 35, 38, 95 S.Ct. 2091, 2094, 45 L.Ed.2d 1 (1975); *Murphy v. Tivoli Enters.*, 953 F.2d 354, 360 (8th Cir.1992); *United States v. Brunk*, 587 F.2d 910, 912 (8th Cir.1978). Communication between judge and jury in the absence of and without notice to the defendant creates a presumption of prejudice. *United States v. York*, 830 F.2d 885, 894–95 (8th Cir.1987), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). Such presumption may be overcome, however, by a clear indication of lack of prejudice. *Id.* at 895. A defendant's absence means little when, as in the present case, the trial court's communication merely repeats instructions that it has already given, or involves a question of law rather than fact. *United States v. Nelson*, 570 F.2d 258, 261 (8th Cir.1978). In such a case, a defendant's presence can be of no help to the defense. *Id.*

Stewart also overstates the jury's inquiry to the extent that he argues that they found him not guilty of robbery. At best the jury had voted 10–2 in favor of finding him guilty. Moreover, Stewart assumes that the state trial court's response improperly influenced the jury's final decision. Even if we were to accept Stewart's assertion that the state trial court did not provide Stewart's defense counsel with a meaningful opportunity to object and that the written response was misleading, Stewart would still not be entitled to relief. Improper jury instructions do not warrant federal habeas corpus relief from a state conviction unless they constitute a fundamental defect that results in a complete miscarriage of justice or so infects the entire proceeding as to deprive the defendant of a fair trial. *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973); *Kennedy v. Delo*, 959 F.2d 112, 118 (8th Cir.1992), *petition for cert. filed*, No. 91–8712 (U.S. June 22, 1992). Here, the response merely redirected the jury to the earlier instructions and did not constitute a fundamental defect that deprived Stewart of a fair trial.

Accordingly, we affirm the district court order denying Stewart's petition for a federal writ of habeas corpus.