Jerry R. POE, Appellee,

v.

**Paul D. CASPARI, Superintendent of the Algoa Correctional Center, Appellant.**

### No. 94–2415.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 28, 1994.

John W. Simon, Jefferson City, MO, argued, for appellant.

T. Patrick Deaton, Springfield, MO, argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

MAGILL, Circuit Judge.

■ The State of Missouri appeals the district court's grant of Jerry Reginald Poe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1993). Because we find that Poe did not present a claim upon which relief could be granted, we reverse.

## I. BACKGROUND

■ On December 6, 1991, while Poe was serving time for escape from confinement at the Missouri state Jefferson City Correctional Center, the prosecuting attorney for Taney County, Missouri, filed a complaint and warrant for Poe's arrest, charging Poe with ten state counts of burglary, stealing, arson, and habitual offender. The Department of

Corrections of the State of Missouri lodged a detainer[1] against Poe in favor of the sheriff of Taney County on January 29, 1992.[2] On February 4, Poe made a request for final disposition of these pending Taney County charges pursuant to Mo.Rev.Stat. § 217.450 (1993).[3] The request was filed on February 11 in the Circuit Court of Taney County.

In April, Poe was released to the Taney County Sheriff's Department by the Department of Corrections. On July 1, Poe was arraigned in the Circuit Court of Taney County on five counts of burglary, three counts of stealing, and one count of property damage. On July 6, Poe filed a motion to dismiss based on Mo.Rev.Stat. § 217.460 (1993), claiming that more than 180 days had passed since he filed his request for disposition.[4] He presented this same motion orally to the state court on August 20. The court denied the motion, noting that Poe was no longer in the custody of the Department of Corrections when the 180 days elapsed.

Poe filed a petition for a writ of habeas corpus in the Missouri Supreme Court on December 16, claiming that the sheriff of Taney County had no authority to hold him pending trial because more than 180 days had elapsed since he filed his request for disposition. The court denied the petition without comment. On January 28, 1993, while the state habeas petition was pending, Poe entered an *Alford*[5] plea to nine counts (the habitual offender count was dropped), and was sentenced to concurrent four-year terms of imprisonment on each count by the Taney County Circuit Court. During the plea hearing, the court gave Poe repeated opportunities to withdraw the plea and refile his motion to dismiss based on § 217.460; Poe refused to withdraw the plea.

Poe then filed a motion for state post-conviction relief pursuant to Mo.S.Ct.R. 24.035, reiterating his claim that the court lacked authority to sentence him because more than 180 days had passed since his request for disposition of detainers. On July 15, 1993, Poe withdrew this motion. Appointed counsel filed an amended motion on July 28, 1993, which, for the first and only time in this case, raised a Sixth Amendment speedy trial claim in addition to the § 217.460 Missouri state speedy trial claim. The amended motion was denied as untimely.

Finally, Poe filed a petition for a writ of habeas corpus in the federal district court. On May 4, 1994, the court granted the writ, based on the sentencing court's lack of jurisdiction under § 217.460, and ordered that Poe be discharged from the Department of Corrections following completion of the sentence he was then serving. This appeal followed.

## II. DISCUSSION

Poe claims that the Missouri Department of Corrections' violation of Mo.Rev.Stat. § 217.460 provides grounds for federal habeas relief.

> Within one hundred eighty days after the receipt of the request and certificate ... by the court and the prosecuting attorney ... the indictment, information or complaint shall be brought to trial.... If the indictment, information or complaint is not brought to trial within the period, no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

---

1. A detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985).

2. All dates refer to 1992 unless otherwise indicated.

3. Mo.Rev.Stat. § 217.450 states, in relevant part:

   Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state against him while so imprisoned.

4. Mo.Rev.Stat. § 217.460 states, in relevant part:

5. An *Alford* plea is a plea of guilty entered by the defendant in order to take advantage of a plea bargain. An *Alford* plea is valid and, under Missouri law, treated as a guilty plea, even though defendant denies commission of the underlying crime. *See North Carolina v. Alford*, 400 U.S. 25, 31–39, 91 S.Ct. 160, 164–68, 27 L.Ed.2d 162 (1970).

■ Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition. *Cain v. Petrovsky,* 798 F.2d 1194, 1195 (8th Cir.1986); *see Estelle v. McGuire,* 502 U.S. 62, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Poe's § 217.460 claim is based only on Missouri law and actions of Missouri officials, and thus may be addressed only by the Missouri courts. *See Cain,* 798 F.2d at 1195; *Stewart v. Nix,* 972 F.2d 967, 970 (8th Cir.1992) (a state speedy trial statute has no bearing on whether a federal right has been violated); *Matthews v. Lockhart,* 726 F.2d 394, 396 (8th Cir.1984) (same).

■ Furthermore, a violation of the federal analogue to state speedy trial laws, the Interstate Agreement on Detainers (IAD), "without more, does not justify relief under § 2255." *Shigemura v. United States,* 726 F.2d 380, 381 (8th Cir.1984) (quoting *Huff v. United States,* 599 F.2d 860, 863 (8th Cir.), *cert. denied,* 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979)). A separate showing that the Sixth Amendment speedy trial requirement has been violated must be made before habeas relief will be granted. *See Jenkins v. Purkett,* 963 F.2d 1117, 1118 (8th Cir.) (violation of the Missouri codification of the IAD is not cognizable in habeas; petitioner must show Sixth Amendment violation to obtain relief), *cert. denied,* —— U.S. ——, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992). Similarly, a violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254.

■ Poe further claims that, because the Missouri speedy trial statute specifically removes jurisdiction from the Missouri courts when a prisoner is not brought to trial within 180 days of his request for disposition of detainers, the violation of § 217.460 provides grounds for federal habeas relief in the guise of a Fourteenth Amendment due process violation. The district court stated that "[t]his Court can think of no greater denial of due process or of a greater miscarriage of justice than to be sentenced to prison for a term of four years by a court which has no jurisdiction." To reach the question of denial of due process or miscarriage of justice, however, the court must first determine that the sentencing court has no jurisdiction. This is not, however, a determination for the federal courts when the question of jurisdiction is one of valid state law only.

■ Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: "The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction.... This determination of jurisdiction is binding on this [federal] court." *Chandler v. Armontrout,* 940 F.2d 363, 366 (8th Cir.1991); *see Johnson v. Trickey,* 882 F.2d 316, 320 (8th Cir.1989) (adequacy of information is question of state law binding on federal courts). The Second Circuit has directly addressed the question of federal review of state court jurisdiction based on state law, denying a habeas petition brought on the claim that a New York statute deprived the state trial court of jurisdiction. *Roche v. Scully,* 739 F.2d 739, 741 (2d Cir.1984). The court stated that " 'no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law.' " *Id.* at 741–42 (quoting *United States v. Mancusi,* 415 F.2d 205, 209 (2d Cir.1969)).

The question of whether the Missouri courts had jurisdiction to sentence Poe was one solely of state law and is therefore not properly before this court. The Taney County Circuit Court denied Poe's motion to dismiss under § 217.460, and the Missouri Supreme Court denied Poe's state habeas petition brought on the same grounds. This determination of jurisdiction by the state courts is binding on this court, and does not provide a basis for habeas review.

■ Finally, Poe never presented a federal Sixth Amendment speedy trial claim to the Missouri courts, resulting in a procedural bar against that claim under federal collateral review. *See Wainwright v. Sykes,* 433 U.S. 72, 97, 97 S.Ct. 2497, 2511–12, 53

L.Ed.2d 594 (1977). "In order for a claim to have been adequately presented to a state court for procedural purposes in a habeas proceeding, the same facts and legal theories in support of the claim must be advanced in both state and federal court." *Ford v. Armontrout,* 916 F.2d 457, 460 (8th Cir.1990), *cert. denied,* 499 U.S. 964, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991); *see Kenley v. Armontrout,* 937 F.2d 1298, 1302–03 (8th Cir.) ("[T]he federal claim should not present significant additional facts such that the claim was not fairly presented to the state court.... [W]e have required at least an arguable factual commonality."), *cert. denied,* —— U.S. ——, 112 S.Ct. 431, 116 L.Ed.2d 450 (1991). The claims Poe presented to the Missouri courts relied only on § 217.460. Poe's amended post-conviction motion was his sole mention of a Sixth Amendment claim, and the court denied this motion as untimely. Not only was no Sixth Amendment legal theory presented to the Missouri court, but, in addition, the facts necessary to an analysis of a Sixth Amendment speedy trial claim were never before the state courts. Under *Wainwright,* Poe's Sixth Amendment claim is thus barred, unless he can show cause and prejudice for his failure to present this claim to the Missouri courts. 433 U.S. at 90, 97 S.Ct. at 2508. He has shown neither, but argues that he need not show cause because his conviction comes under the "miscarriage of justice" exception to the *Wainwright* rule. This exception applies when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Pilchak v. Camper,* 935 F.2d 145, 148 (8th Cir.1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)). Poe's claim is entirely procedural; he makes no showing of actual innocence, and the "miscarriage of justice" exception does not apply.

## III. CONCLUSION

For the above reasons, we reverse the order of the district court granting Poe's petition for a writ of habeas corpus.