# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3726

_____

Lloyd D. Meeks

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

No. 12-3914

_____

Douglas Marcel Meeks

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2014
Filed: February 11, 2014
_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.
_____

BYE, Circuit Judge.

A federal jury found half-brothers Douglas Meeks and Lloyd Meeks guilty of conspiracy to distribute at least fifty grams of crack cocaine and distribution of at least five grams of cocaine base. Douglas and Lloyd each filed separate petitions for relief from their convictions and sentences under 28 U.S.C. § 2255. In the § 2255 petitions, the petitioners alleged they were not present at the answering of jury questions. The district court[1] found no harm resulted from the absence. The petitioners appeal the district court's ruling. We affirm.

I

Douglas Meeks and Lloyd Meeks were indicted and convicted of conspiracy to distribute at least fifty grams of cocaine base and distribution of at least five grams of cocaine base.

The case proceeded to a jury trial. During deliberations, the jury sent two questions to the district court. First the jury asked, "Is there audio evidence of buy on June 20?" The district court responded, "Please refer to Exhibit 8, which might be what you requested." In the second question, the jury asked, "For the amount of crack cocaine–Is it for the two purchases only (separate) or can we combine together or can

_____

[1]The Honorable John A. Jarvey, United States District Court for the Southern District of Iowa.

we take into account the time period from April-June?" The district court responded, "Drug quantity on the conspiracy charge is the total amount distributed (while the defendant was a member of the conspiracy) by the defendant or by another conspirator, if those distributions were reasonably foreseeable to the defendant. Drug quantity on Counts 2 and 3 must be limited to the alleged distribution in each of those counts." There is no record Douglas, Lloyd, or their lawyers were present when the answers were drafted, approved, or sent to the jury.

The jury found petitioners guilty on all counts. Because the district court found both petitioners had two prior felony drug convictions, the district court sentenced each to mandatory life imprisonment terms on the conspiracy count and concurrent terms of 360 months on the individual distribution counts. Each petitioner timely filed an appeal which did not raise the issue of presence during the answering of jury questions. This Court affirmed the convictions. United States v. Meeks, 639 F.3d 522 (8th Cir. 2011).

Douglas filed a timely pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The motion alleged four grounds for setting aside the sentence, including his absence during the answering of jury questions. Lloyd filed a timely pro se motion to vacate, set aside, or correct his sentence, but did not raise the issue of his absence during the jury questions. Lloyd also filed a motion asking to join in all claims made by Douglas.

The district court entered an order dismissing all of Douglas's claims, but issued a certificate of appealability as to the sole question of whether Douglas was entitled to relief based on his absence during the answering of jury questions. Douglas filed a timely notice of appeal. The district court entered an order dismissing all of Lloyd's claims and did not grant Lloyd's motion to join in Douglas's claims. The district court denied Lloyd a certificate of appealability. Lloyd sought a certificate of appealability

-3-

from this Court. This Court granted the certificate on the sole issue of whether Lloyd was entitled to relief based on his absence during the answering of jury questions.

## II

Douglas and Lloyd appeal the district court's denial of § 2255 relief on the sole issue of whether they are entitled to relief based on their absence during the answering of jury questions.

The Eighth Circuit reviews a district court's denial of a § 2255 petition de novo. Ortiz v. United States, 664 F.3d 1151, 1164 (8th Cir. 2011).

The Fifth and Sixth Amendments to the Constitution protect criminal defendants' rights to be present at trial. "'[T]he right to personal presence at all critical stages of the trial' is a fundamental right of criminal defendants." United States v. Mann, 685 F.3d 714, 720 (8th Cir. 2012) (quoting Rushen v. Spain, 464 U.S. 114, 117 (1983)). The district court must provide defense counsel with a meaningful opportunity to object before responding to questions asked by the jury after deliberations begin and "[c]ommunication between judge and jury in the absence of and without notice to the defendant creates a presumption of prejudice." Stewart v. Nix, 972 F.2d 967, 971 (8th Cir. 1992). Criminal defendants are not guaranteed the right to be present when a proceeding involves only a question of law, Fed. R. Crim. P. 43(b)(3), or when the court merely repeats instructions it has already given, Stewart, 972 F.2d at 971.

Neither Douglas nor Lloyd raised the issue of their absence from the answering of jury questions on direct appeal. A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted. See Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). Petitioners do not argue they are actually innocent and so must demonstrate cause and actual prejudice to

excuse their procedural default.  Charboneau v. United States, 702 F.3d 1132, 1136 (8th Cir. 2013).

Regarding a demonstration of cause, petitioners do not demonstrate cause for their failure to raise this issue on direct appeal.  Although they argue they were prejudiced by their absence during the answering of the jury questions, petitioners never explain the cause which would excuse their failure to raise the issue on direct appeal.  The failure to argue cause for their procedural default, including the absence of any ineffective assistance of counsel claim, means petitioners cannot excuse their procedural default.  Because petitioners do not establish cause for the procedural default, we need not reach the question of prejudice.  Murphy v. King, 652 F.3d 845, 850 (8th Cir. 2011).

III

One motion remains.  Before this case was submitted, the government filed a letter with an additional citation pursuant to Fed. R. App. P. 28(j) to make this Court aware jury instructions had been filed in the district court record.  The final jury instructions were not a part of the district court record at the time this case was filed.  In fact, final jury instructions were not filed in the district court record until January 13, 2014, just days before the case was submitted.

Petitioners filed a joint motion to strike the Rule 28(j) letter and objected to supplementing the record.  The government's letter does not properly fall under Rule 28(j), which authorizes only "pertinent and significant *authorities* [which] come to a party's attention after the brief has been filed."  Fed. R. App. P. 28(j) (emphasis added).  Rule 28(j) is not a procedure for supplementing the record on appeal and we disregard the government's Rule 28(j) letter insofar as it includes material outside the 28(j) limitations.  See Davis v. U.S. Bancorp, 383 F.3d 761, 763 n.2 (8th Cir. 2004).

The government has communicated its willingness to allow a limited remand in order for the record to be expanded. Such a remand is not necessary. The only reason this Court would need to examine the jury instructions is to determine whether petitioners were actually prejudiced by the answers to the jury questions. See Stewart, 972 F.2d at 971 (holding a defendant's absence is not prejudicial when "the trial court's communication merely repeats instructions that it has already given, or involves a question of law rather than fact."). However, because petitioners procedurally defaulted their claim and do not show cause for the procedural default, we need not determine whether they were actually prejudiced. Thus, any request to supplement the record is moot.

IV

The judgment of the district court is affirmed.

_____