IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,670

STATE OF KANSAS,
*Appellee*,

v.

JOHN CHRISTOPHER HARRISON,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2019 Supp. 22-3420(d) allows criminal trial judges the option of answering jury questions in open court or in writing.

2.

If a criminal trial judge responds to a jury question in writing by having court personnel deliver the response to the jury in the jury room, K.S.A. 2019 Supp. 22-3420(d) does not require a defendant's presence when the jury receives the response. By its express terms, the statute requires the defendant's presence when a response is given in open court.

3.

If a criminal trial judge responds to a jury question in writing by having court personnel deliver the response to the jury in the jury room, the delivery is not a stage of the trial at which a defendant must be present under K.S.A. 2019 Supp. 22-3405(a).

1

4.

If a criminal trial judge responds to a jury question in writing by having court personnel deliver the response to the jury in the jury room without the defendant being there to observe the delivery, the defendant's right to be present during critical stages of the proceedings is not violated, under the Sixth Amendment's Confrontation Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Review of the judgment of the Court of Appeals in an unpublished opinion filed February 16, 2018. Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed July 17, 2020. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Jacob M. Gontesky*, assistant district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: John Christopher Harrison claims the district court committed reversible error when it responded to a jury question by having court staff deliver a written note to the jury room rather than convening in open court and answering the question in his presence. A Court of Appeals panel held the note passing was harmless constitutional error and upheld the convictions. *State v. Harrison*, No. 116,670, 2018 WL 911221, at *10-11 (Kan. App. 2018) (unpublished opinion). On review, we hold there was no error, although we acknowledge our caselaw deserves updating in light of statutory changes expressly authorizing this practice. See K.S.A. 2019 Supp. 22-3420(d) ("The court shall respond to all questions from a deliberating jury in open court *or in writing*." [Emphasis added.]). We affirm the panel's judgment as right for the wrong reason and affirm

2

Harrison's convictions. See *State v. Williams*, 311 Kan. 88, 91, 456 P.3d 540 (2020) (affirming judgment as right for the wrong reason).

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Harrison with various felony and misdemeanor crimes resulting from a traffic stop and physical encounter with police. He pled not guilty and went to trial. During its deliberations, the jury sent a written question to the court asking for definitions of the terms "battery" and "bodily harm." The record indicates the district court discussed the question with Harrison, his counsel, and the State all present. They agreed to respond: "The instructions you have been provided [are] the law you must apply in this case. No further instructions will be provided." That response was put in writing.

The State suggested the court ask if Harrison wanted to be present when the response was given. He indicated he did. But the court said it was too late for that because the written response had been delivered to the jury room. To be specific, the record reflects:

> "THE COURT: . . . [The] State is present through its counsel; Mr. Harrison is present with his counsel. We have received [a] question from the jury. The question is, quote, 'May we have the definition of battery and bodily harm?' We have had an off-the-record discussion. I think that we are in agreement that at this point we will not attempt to define those terms further.
>
> . . . .
>
> "THE COURT: . . . My answer is going to be the following, quote, 'The instructions you have been provided is the law you must apply in this case. No further instructions will be provided.'

3

"[THE PROSECUTOR]: Judge, since we are here, and there has been a whole string of appellate defender cases where they wish the jury to be present with the Defendant while the answer is read back to them in open court, I think if we could ask defense counsel if they would like that, or if they would waive that, which would save us some time.

. . . .

"(Counsel confers with the Defendant.)

"[COUNSEL]: Judge, after talking with Mr. Harrison, he would like to be present as the answer is read to the jury.

"THE COURT: Okay. Well, that will not happen, the answer has already been sent back, but I will do that for future responses. To me, it is a complete nonissue. All I would have done was read word-for-word what I wrote on the piece of paper. So if the Court of Appeals has said that, I think that is somewhat of a silly ruling, with all due respect to them. But if the Defendant will insist on that in the future, then I will do so."

Without additional inquiry, the jury convicted Harrison of two counts of battery against a law enforcement officer, interference with law enforcement, driving while suspended, transporting an open container, and failure to use a seat belt. He appealed, raising four claims of trial error, including this note-passing challenge. As to that, a Court of Appeals panel held the district court violated Harrison's constitutional right to be present at a critical stage in the proceedings by responding to the jury in writing, rather than giving the answer in open court with Harrison present. Nevertheless, it found the error harmless. *Harrison*, 2018 WL 911221, at *10. It affirmed his convictions after rejecting the other issues. 2018 WL 911221, at *11.

4

Both sides asked us to review the panel's decision. Harrison claimed the panel erred by rejecting all four of his asserted trial errors. The State argued the panel was wrong in ruling the note passing violated Harrison's constitutional rights, even if it was harmless. We limited our review to the district court's failure to have Harrison present when the jury received the answer. Harrison does not challenge what the court said in its response.

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

HARRISON'S PRESENCE WAS NOT REQUIRED

We consider first the State's argument that the district court complied with both statutory and constitutional requirements—even though Harrison wanted the court to deliver its reply in open court in his presence. And since we agree with the State on that, it is unnecessary to review the panel's harmless error analysis.

*Standard of review*

Statutory interpretation of the two relevant statutes, K.S.A. 2019 Supp. 22-3420(d) and K.S.A. 2019 Supp. 22-3405(a), is reviewed de novo. See *Breedlove v. State*, 310 Kan. 56, 62, 445 P.3d 1101 (2019). The constitutional claims are questions of law subject to de novo review as well. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014); see also *State v. Lowery*, 308 Kan. 1183, 1212, 427 P.3d 865 (2018) ("'Appellate arguments on a defendant's right to be present at every critical stage of his or her criminal trial raise an issue of law over which this court exercises unlimited review.'").

5

*Harrison's statutory right claim*

The State points out the Legislature changed the applicable statute in 2014, which was before Harrison committed his crimes in 2015 and was tried in 2016. See L. 2014, ch. 102, § 7. Since 2014 that revision allows judges to answer jury questions "in open court *or* in writing." (Emphasis added.) K.S.A. 2019 Supp. 22-3420(d). Inexplicably, Harrison structures his arguments almost entirely around the pre-2014 law. That statute provided, when it was in effect:

> "After the jury has retired for deliberation, *if they desire to be informed as to any part of the law or evidence arising in the case, they may request the officer to conduct them to the court, where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of the defendant*, unless he voluntarily absents himself, and his counsel and after notice to the prosecuting attorney." (Emphasis added.) K.S.A. 22-3420(3) (Torrence 2007).

But since 2014, the statute reads:

> "The jury shall be instructed that any question it wishes to ask the court about the instructions or evidence should be signed, dated and submitted in writing to the bailiff. The court shall notify the parties of the contents of the questions and provide them an opportunity to discuss an appropriate response. The defendant must be present during the discussion of such written questions, unless such presence is waived. *The court shall respond to all questions from a deliberating jury in open court or in writing*. In its discretion, the court may grant a jury's request to rehear testimony. *The defendant must be present during any response if given in open court, unless such presence is waived*. Written questions from the jury, the court's response and any objections thereto shall be made a part of the record." (Emphases added.) K.S.A. 2019 Supp. 22-3420(d).

See L. 2014, ch. 102, § 7.

6

A comparison of the two statutes illustrates the unavoidable conclusion for Harrison. Under the prior version, when the jury had a question about the law or evidence during its deliberations, the statute provided that it could request going into open court, "where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of the defendant . . . ." K.S.A. 22-3420(3) (Torrence 2007). Nothing was said about written responses delivered to the jury room.

Now, by adding "or in writing" and using the disjunctive, the 2014 statutory change expressly gives a district court the option to respond to jury questions "in open court *or* in writing." (Emphasis added.) L. 2014, ch. 102, § 7. And the command that defendant be present "during any response if given in open court," juxtaposed against the statutory silence for the written option, excludes any statutory requirement for defendant's presence when the court responds in writing if not done in open court. See *Patterson v. Cowley County*, 307 Kan. 616, 626, 413 P.3d 432 (2018) (citing statutory interpretation principle that "the inclusion of one thing implies the exclusion of another"). Since this revision occurred before Harrison's crimes and his trial, it is plainly applicable to his case. See K.S.A. 22-2102 (providing K.S.A. chapter 22 applies to all Kansas criminal prosecutions).

More relevant to Harrison's statutory claim is K.S.A. 2019 Supp. 22-3405(a), which provides: "The defendant in a felony case *shall be present . . . at every stage of the trial* including the impaneling of the jury and the return of the verdict . . . except as otherwise provided by law." (Emphasis added.) Harrison claims the note-passing moment in the jury room was a "stage of the trial" requiring his presence.

In *State v. Killings*, 301 Kan. 214, 241, 340 P.3d 1186 (2015), the court explained what constitutes a "stage of trial" triggering the statutory directive for defendant's presence. The court said:

> "'*[A] felony defendant must be present at any stage of the trial when the jury is in the courtroom or when the defendant's presence is essential to a fair and just determination of a substantial issue*. The statutory command . . . is analytically and functionally identical to the requirements under the Confrontation Clause and the Due Process Clause of the federal Constitution that a criminal defendant be present at any critical stage of the proceedings against him or her.'" (Emphasis added.)

See also *State v. McDaniel*, 306 Kan. 595, 601, 395 P.3d 429 (2017) (stating the right to be present under K.S.A. 2019 Supp. 22-3405 [a] "extends to 'any stage of the criminal proceeding that is *critical to its outcome if the defendant's presence would contribute to the fairness of the procedure*'" [emphasis added]).

The pre-2014 statute required all jury questions to be answered in open court in the defendant's presence. This necessarily made the open court appearance the statute envisioned in a felony case a "stage of the trial" under K.S.A. 2019 Supp. 22-3405(a)—because K.S.A. 22-3420(3) required the jury to be in the courtroom for the answer, and when the jury is in the courtroom the defendant must be present. But since 2014, the statute has given the district court the option to respond in writing without bringing the jury into the courtroom, so a fresh analysis of K.S.A. 2019 Supp. 22-3405(a) is required.

To do this, we begin by noting Harrison was charged with felonies, so we next consider whether the note passing happened with the jury in the courtroom. It did not, and there is nothing in the record suggesting the jury asked to convene in the courtroom as part of its inquiry. This means the note passing could only be a critical stage of the trial if it was a moment when the defendant's presence was "essential to a fair and just determination of a substantial issue." *Killings*, 301 Kan. at 241.

From the record, there is nothing reasonably suggesting Harrison's presence was essential or critical to a fair and just determination of a substantial issue. He was present when the response to the jury's inquiry was crafted. And the note containing the response was simply delivered to the jury room by court staff.

As the trial judge observed about the utility of Harrison's presence for the delivery, "All I would have done was read word-for-word what I wrote on the piece of paper." And this sentiment echoes federal circuit court rulings addressing similar moments in other court proceedings. See, e.g., *United States v. Grant*, 52 F.3d 448, 449-50 (2d Cir. 1995) ("[I]t is commonplace for district court judges to send written answers to jury questions, after proper consultation with counsel in the presence of the defendant, rather than wasting 20 minutes of the time of nearly 20 people for a stately courtroom delivery. "); *Stewart v. Nix*, 972 F.2d 967, 971 (8th Cir. 1992) ("A defendant's absence means little when, as in the present case, the trial court's communication merely repeats instructions that it has already given, or involves a question of law rather than fact. In such a case, a defendant's presence can be of no help to the defense."). We are cited to no contrary authority.

Harrison argues his presence was "necessary as a proper observance of his constitutional and statutory rights, and because his presence would contribute to the fairness of the proceedings." But that is circular and amounts to nothing more than simply repeating back the standard to assert it is proven. He does not explain, for example, how watching the note pass to the jury in open court would be fairer to him than what the court did by having staff deliver the response to the jury room. And even when pressed about this during oral arguments, the best Harrison offered was speculation about what the jury's reaction might have been to the response, or if it had other questions or objections about it. But this conjecture is offset by the fact that nothing suggests any problem existed. And the refrain that "we just don't know" contrasts with what we do

9

know, which is that the jury always had the ability to inquire further if it had a problem and that did not happen.

We fail to see how a defendant's presence while a judge's written response to a jury question is delivered to the jury could contribute anything to the fairness of the proceedings. And this is particularly true in a case like this, when the response simply tells the jury no further instructions will be offered concerning its inquiry. The trial record confirms Harrison and his counsel knew about the jury question, were both present while discussing a response, and were both present when the court ruled how it was answering the inquiry. This is what the statutory process requires unless the jury convenes in the open courtroom. See K.S.A. 2019 Supp. 22-3420(d).

We also note the facts in Harrison's case are markedly different from others we have held to be problematic concerning a defendant's right to be present during court proceedings. See, e.g., *State v. Bolze-Sann*, 302 Kan. 198, 214, 352 P.3d 511 (2015) (no record indicating defendant was present when court conferred with counsel about a written jury inquiry and written response); *State v. King*, 297 Kan. 955, 965, 305 P.3d 641 (2013) (record did not establish court informed defendant or either counsel about the jury question or consulted with them regarding an appropriate answer); and *State v. Coyote*, 268 Kan. 726, 1 P.3d 836 (2000) (no record confirming defendant's presence during discussion about written jury inquiry).

We hold K.S.A. 2019 Supp. 22-3420(d) gave the district court discretion to deliver a written response to the jury room without having Harrison present. The applicable statute as amended in 2014 expressly provided this option. We also hold the court staff's delivery of the response to the jury in the jury room did not violate K.S.A. 2019 Supp. 22-3405(a) because in this instance Harrison's presence was neither essential nor critical to a fair and just determination of a substantial issue. No statutory rights were violated.

10

*Harrison's constitutional right claim*

As to the constitutional question, a criminal defendant's right to be present during the proceedings is rooted to a large extent in the Confrontation Clause of the Sixth Amendment to the United States Constitution. *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985); *United States v. Neff*, 10 F.3d 1321, 1323 (7th Cir. 1993). That right is protected to some extent by the Due Process Clause of the Fifth and, in state cases, the Fourteenth Amendments. *Neff*, 10 F.3d at 1323. Under due process, the defendant has a right to be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 54 S. Ct. 330, 78 L. Ed. 674 (1934). But that does not require the defendant to be present when it "would be useless, or the benefit but a shadow." *Snyder*, 291 U.S. at 106-07.

Federal caselaw is clear that a court's delivery of a written response to a jury inquiry does not violate a defendant's constitutional right to be present. For example, in *Esnault v. People of State of Colo.*, 980 F.2d 1335, 1336 (10th Cir. 1992), a deliberating jury sent out a note asking: "'Weren't the police reports submitted as evidence, and could we have them please?'" Defense counsel waived defendant's presence and did not object to the judge's response: "'You have all the exhibits that have been submitted into evidence.'" 980 F.2d at 1336. The *Esnault* court rejected an argument that defendant had a constitutional right to be present when the court delivered its response. He argued this was necessary so "he could exert a psychological influence on the jury and prevent his absence from negatively influencing the jury." 980 F.2d at 1337. The court held this was not an "important stage of his trial." 980 F.2d at 1337; see also *Nix*, 972 F.2d at 971 ("A defendant's absence means little when, as in the present case, the trial court's communication merely repeats instructions that it has already given, or involves a

11

question of law rather than fact. In such a case, a defendant's presence can be of no help to the defense."); *United States v. Basciano*, 634 Fed. Appx. 832 (2d Cir. 2015) (unpublished opinion) (written response is commonly used method; no constitutional right violation). Harrison cites to no federal caselaw taking an opposing view.

Nevertheless, the panel in Harrison's case held there was a constitutional violation. *Harrison*, 2018 WL 911221, at *10. But it acknowledged some uncertainty about this because the caselaw it needed to rely on predated the 2014 statutory change. The panel ultimately decided to assume "arguendo" the existence of a constitutional violation, so it could move to a harmless error analysis. 2018 WL 911221, at *10. Particularly worrisome to the panel were our decisions in *State v. Verser*, 299 Kan. 776, 326 P.3d 1046 (2014), and *State v. King*, 297 Kan. 955, 305 P.3d 641 (2013), both of which premised their analysis on another case, *Coyote*, in which the defendant was not present during the court's discussion with the attorneys about how to respond in writing to the jury questions. See *State v. Wells*, 296 Kan. 65, 91, 290 P.3d 590 (2012) ("Our holding in *Coyote* was not based on the fact that the district court failed to answer the jury's question orally in open court while the defendant was present.").

The panel's apprehension based on our prior caselaw is understandable. As explained above, before 2014 the applicable statutes operated like falling dominoes in the analysis. A violation of K.S.A. 22-3420(3) (requiring jury questions to be answered in open court with the defendant present) was then a violation of K.S.A. 22-3405(1) (requiring felony defendant's presence at every stage of the trial), which in turn was deemed a violation of the defendant's constitutional right to be present during a critical stage of the proceedings because of the statutory mandate to convene the jury in open court. But this cascading effect has required reevaluation of the issue since 2014 when the law expressly gave district courts the option to respond to jury questions in writing.

12

Unfortunately in every case since *King*, the State has conceded error and only argued whether the error was harmless. This limited the court's review to harmless error. See, e.g., *State v. Bowen*, 299 Kan. 339, 353, 323 P.3d 853 (2014) ("The State concede[d] error may have occurred."); *Bolze-Sann*, 302 Kan. at 216 ("[T]he State does not even argue against a finding of error. It, thus, essentially concedes a violation of K.S.A. 22-3420 occurred and that there was a corresponding violation of the constitutional right to be present during a trial."); *State v. Robinson*, 306 Kan. 1012, 1033, 399 P.3d 194 (2017) ("The State does not contest the alleged error but argues only that it was harmless."). Because of this, the procedural posture of those appeals kept us from directly addressing the impact of the 2014 statutory change. In Harrison's case, the State directly challenges the constitutional error holding, so it is squarely presented.

We hold that no constitutional error occurred when the district court submitted a written response to the jury's question by delivering it to the jury room without Harrison being present. And since there was no error, we need not address the panel's harmless error conclusion. The panel reached the correct outcome on Harrison's constitutional claim, but it did so for the wrong reason. See *Williams*, 311 Kan. at 91.

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

PATRICK D. MCANANY, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge McAnany was appointed to hear case No. 116,670 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.