**Donald Craig REYNOLDS, Appellant,**

**v.**

**Walt LEAPLEY, Warden of South Dakota State Penitentiary; Missouri Attorney General, Appellees.**

**No. 94–1883.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1994.

Decided April 17, 1995.

Rehearing Denied May 11, 1995.

David E. Woods, O'Fallon, MO, argued, for appellant.

Michael J. Spillane, Jefferson City, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Donald Craig Reynolds appeals the District Court's[1] adoption of a magistrate judge's[2] recommendation to dismiss Reynolds's petition for habeas corpus. Reynolds argues, among other things, that the State of Missouri violated the Interstate Agreement on Detainers Act, and that he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments. For the reasons set forth below, we affirm.

## I.

In January of 1981, the State of Missouri filed detainers against Reynolds for burglaries committed in Missouri in 1979. In April of 1982, while in a California prison, Reynolds received notification of the detainers filed against him. Subsequently, Reynolds wrote two letters to the Missouri Prosecuting Attorney's office in St. Louis County, Missouri, seeking disposition of any and all Missouri charges. Those letters were dated April 13, 1982, and May 25, 1987. Reynolds did not serve the Circuit Court of St. Louis County with notice of demand for trial until December 4, 1989. Once Reynolds completed his request for disposition by mailing copies of the request to both the Court and the prosecutor, the Court set a trial date for May 3, 1990, 176 days after the completed request for disposition.

Reynolds was convicted of three counts of first-degree robbery and sentenced to twenty years' imprisonment. The sentence is to run concurrently with other sentences Reynolds is serving in other jurisdictions.

## II.

If Reynolds's only claim were that state officials violated the state-speedy trial law, Rev.Stat.Mo. § 217.490, he would fail to present to us a federal claim reviewable on a habeas petition. *Poe v. Caspari,* 39 F.3d 204, 207 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1376, 131 L.Ed.2d 230 (1995). Likewise, the allegation that state officials' failure to follow state laws violated the federal Interstate Agreement does not state a claim for habeas relief. *Ibid.* Reynolds's Sixth Amendment speedy-trial claim, however, is reviewable on habeas.

■ Reynolds asserts that Missouri's failure to bring him to trial for approximately nine years after he was indicted violated the Sixth Amendment, which applies to the states through the Fourteenth Amendment.[3] We review claims asserting Sixth Amendment rights under the standards established by *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). The defendant must show the length of delay, the reason for the delay, that he asserted his right, and that he was prejudiced. *Id.* at 530–32, 92 S.Ct. at 2192–93. None of these factors is alone dispositive; we must consider and balance each in light of the circumstances surrounding this case. *Id.* at 533, 92 S.Ct. at 2193.

■ We determine the length of delay by looking to the time between the arrest and

1. The Hon. Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The Hon. Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri. Judge Perry is now a United States District Judge for the Eastern District of Missouri.

3. The Sixth Amendment guarantees:
   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

764

the trial. *Ibid.* Some time between January and February of 1981, Missouri filed detainers on Reynolds; the trial took place May 30, 1990. Although the State argues that we should consider only the time between Reynolds's notice to the county prosecutor and county court and the trial, we disagree. It is not Reynolds's duty to bring himself to trial, it is the state's. *Id.* at 527, 92 S.Ct. at 2190.

In *Barker* the Supreme Court found a delay of "well over five years . . . extraordinary." *Id.* at 533, 92 S.Ct. at 2193. Needless to say, we consider a delay of nine years also to be extraordinary, if not explained. This factor alone, however, is not enough to convince this Court that Reynolds's rights were violated. Most of the delay was caused by the fact that Reynolds fled the jurisdiction following his offense and became incarcerated elsewhere. It took him until 1989 to make a demand for trial that properly invoked the Interstate Agreement on Detainers. If Reynolds truly feared that his rights were being violated and that he would be prejudiced by the delay, he would have sent proper notice much earlier.

Finally, has Reynolds been prejudiced by the delay? He argues that witnesses he would have used were not available to him in 1990 because three witnesses died during the delay and one witness suffered a memory loss. Losing witnesses who might support Reynolds could be prejudicial. However, Reynolds did not present any evidence of the testimony the witnesses would have provided. Therefore, he has not established prejudice. In addition, Reynolds was not subject to pretrial incarceration due to the Missouri charges, nor was there damage to his reputation from these charges.

Weighing all of these factors together, we conclude that Reynolds did not suffer a denial of the right to a speedy trial.

Affirmed.