**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS GARCIA,

        Petitioner-Appellant,

v.

JOHN THOMAS, Warden; and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 97-2107
(D.C. No. CIV-94-627-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner appeals the district court's denial of habeas relief, see 28 U.S.C. § 2254, from his New Mexico convictions for auto burglary, conspiracy to commit auto burglary, and larceny. As before the district court, petitioner, on appeal, asserts three grounds for relief: 1) there was insufficient evidence to support his convictions; 2) a sixteen-month delay violated his constitutional right to a speedy trial; and 3) the prosecutor made improper statements during closing argument. Upon consideration of the record and the parties' arguments, we affirm.[1]

I.       SUFFICIENCY OF THE EVIDENCE

Reviewing petitioner's sufficiency of the evidence claim de novo and viewing the record in the light most favorable to the prosecution, we conclude that there was sufficient evidence to enable a rational trier of fact to find the

---

[1]     The district court granted petitioner a certificate of appealability, as required under the Antiterrorism and Effective Death Penalty Act (AEDPA), see 28 U.S.C. § 2253(c), limited to the speedy trial issue. Subsequent to that decision, we determined that AEDPA's requirement of a certificate of appealability does not apply to cases such as this one, where petitioner filed his § 2254 petition prior to AEDPA's enactment. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), petition for cert. filed, (U.S. Feb. 14, 1998) (No. 97-8055). We, therefore, treat petitioner's request for a certificate of appealability as to his remaining two grounds for relief as a motion for the issuance of a certificate of probable cause, and grant that motion. Petitioner has, therefore, made a sufficient showing of the denial of a federal right to enable this court to address each of his three grounds for relief. See generally Nguyen v. Reynolds, 131 F.3d 1340, 1345 (10th Cir. 1997) (both certificate of appealability and certificate of probable cause require habeas petitioner to make same substantial showing of denial of federal right).

essential elements of the crimes charged beyond a reasonable doubt. See Romero v. Tansy, 46 F.3d 1024, 1032 (10th Cir. 1995). The district court appropriately denied habeas relief on this claim.

II. SPEEDY TRIAL

We also review petitioner's speedy trial claim de novo. See United States v. Dirden, 38 F.3d 1131, 1135 (10th Cir. 1994). Respondents concede, see Respondents' Br. at 7, that the sixteen-month delay between petitioner's arrest and his trial was presumptively prejudicial. See generally Barker v. Wingo, 407 U.S. 514, 530 (1972) (addressing presumptively prejudicial delay). Therefore, in determining whether the delay deprived petitioner of his constitutional right to a speedy trial, we must weigh the length of delay, the reasons for the delay, petitioner's assertion of his right to a speedy trial, and the prejudice resulting from the delay. See id.

The sixteen-month period between petitioner's arrest and his trial, while sufficient to trigger consideration of all of the Barker factors, see id., was not inordinate under the circumstances of this case.[2] See United States v.

---

[2] See generally Doggett v. United States, 505 U.S. 647, 651-52 (1992) (length of delay presents double inquiry: court must first determine whether delay is presumptively prejudicial so as to trigger consideration of remainder of Barker factors, and, if so, court must then consider, as one of those factors, "extent to

(continued...)

Santiago-Becerril, 130 F.3d 11, 22 (1st Cir. 1997) (where crime charged was more complicated than ordinary street crime, but less complicated than complex conspiracy, fifteen-month delay tips scales only slightly in defendant's favor); United States v. Lindsey, 47 F.3d 440, 443 (D.C. Cir. 1995) (sixteen-month period between defendant's arrest and trial, on drug trafficking charges, was not extraordinary), vacated on other grounds by Robinson v. United States, 116 S. Ct. 665 (1995).

Next we assess the reasons for the delay. Petitioner was arrested September 16, 1990. The nine-month period leading up to the first trial setting, June 6, 1991, was not excessive delay chargeable to the State. See Lindsey, 47 F.3d at 443 (determining which party was responsible for delay extending beyond approximate one-year period which triggers application of Barker factors); see also Doggett, 505 U.S. at 652 (there can be no speedy trial violation if government tries defendant with customary promptness).

The state court continued the trial from June 6 to June 27, 1991, at the request of both parties. This delay, therefore, is not chargeable to the State. See United States v. Tranakos, 911 F.2d 1422, 1428 (10th Cir. 1990) (delays attributable to defendant do not weigh against government).

---

[2](...continued)
which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim").

The continuance of the June 27 trial date to July 8, 1991, was at the State's request, but was based upon the unavailability of three government witnesses. An appropriate delay due to the unavailability of witnesses also is not chargeable to the State. See Barker, 407 U.S. at 531; see also United States v. Gomez, 67 F.3d 1515, 1522 (10th Cir. 1995).

The trial court continued the July 8, 1991 trial date so petitioner could pursue a motion to have the indictment dismissed due to prosecutorial misconduct. As a result of this motion, the trial court dismissed the indictment on August 28, 1991, due to prosecutorial overreaching during the grand jury proceedings, and the State re-indicted petitioner on the same charges on August 30, 1991. We will attribute this two-month delay to the State and, because it was the result of the prosecution's deliberate conduct, weigh it heavily against the government. Cf. United States v. Huffman, 595 F.2d 551, 557 (10th Cir. 1979) (where need to dismiss indictment was attributable to government, although not to its intentional conduct, delay in dismissing and refiling indictment weighed "some" against government).

The trial court continued the next trial date, September 17, to October 8, 1991, at the joint request of the parties. This delay again is not chargeable to the State. See Tranakos, 911 F.2d at 1428.

The trial court, on its own motion, continued the October 8, 1991 trial date to January 27, 1992, apparently due to the court's scheduling problems. While this delay weighs against the government, it does so only slightly. See Gomez, 67 F.3d at 1522.

The government, therefore, is responsible for only a small portion of the sixteen-month delay between petitioner's arrest and his trial. Further, except for the two-month delay during which the trial court considered, then granted, petitioner's motion to dismiss the indictment and the government re-indicted petitioner on the same charges, the delay charged to the State does not weigh heavily against it.

Next, we consider petitioner's efforts to assert his right to a speedy trial. The earliest petitioner may have asserted his right to a speedy trial was thirteen months after his arrest, in October 1991, when he objected to the government's request for an extension of the state deadline for bringing petitioner to trial. See N.M. R. Crim. P. 5-604. He did not object to any continuance before that time. Petitioner also asserted a motion to dismiss on speedy trial grounds in December 1991, but only after the trial court had set the final trial date. Petitioner's assertion of his speedy trial right, therefore, does not weigh heavily in his favor. See Dirden, 38 F.3d at 1138 (where defendant himself requested one continuance and did not object when trial court vacated two other trial dates, and defendant

-6-

only raised speedy trial issue after magistrate judge recommended denying his suppression motion, delayed assertion of his speedy trial right weighed against him); United States v. Kalady, 941 F.2d 1090, 1095 (10th Cir. 1991) (appellate court is unimpressed by defendant who does not move for dismissal until trial is imminent); see also Santiago-Becerril, 130 F.3d at 22 (failure to request speedy trial before moving for dismissal of indictment, immediately before trial, weighed against defendant).

Lastly, we consider any prejudice suffered by petitioner resulting from the delay.  Prejudice is assessed primarily by considering the three interests which the right to a speedy trial is designed to protect:  1) preventing oppressive pretrial incarceration; 2) minimizing petitioner's anxiety and concern; and 3) limiting the possibility that petitioner's defense will be impaired.  See Barker, 407 U.S. at 532.

Petitioner was free on bond throughout the pretrial delay.  Although he did have to live under several restrictions imposed as a result of his release bond, see id. at 533, this prejudice does not weigh heavily in petitioner's favor.  See United States v. Jenkins, 701 F.2d 850, 857 (10th Cir. 1983), rejected on other grounds by Batson v. Kentucky, 476 U.S. 79, 92 n.16 (1986); United States v. Latimer, 511 F.2d 498, 501 (10th Cir. 1975).

Further, while petitioner "undoubtedly experienced concern and anxiety over his impending trial, he has not alleged any special harm suffered which distinguishes his case from that of any other arrestee awaiting trial." Dirden, 38 F.3d at 1138; see also Santiago-Becerril, 130 F.3d at 23 (considerable anxiety normally results from pending criminal charges; however, in determining prejudice from delay, only undue pressures are considered).

Last, and most importantly, see Barker, 407 U.S. at 532, petitioner asserts that his defense suffered because of the failing memories of the prosecution's witnesses and the loss of the testimony of petitioner's co-defendant, who absconded, apparently prior to September 1991. Petitioner asserts that his co-defendant would have waived any privilege against self-incrimination and would have completely exonerated petitioner at trial.

Petitioner's claim, as alleged, that the government witnesses' memories have faded over time, does not assert any prejudice to petitioner. See Tranakos, 911 F.2d at 1429. Rather, such memory loss, if any, would weaken the government's case, not petitioner's. See id.; see also Barker, 407 U.S. at 532 ("There is . . . prejudice if defense witnesses are unable to recall accurately events of the distant past.") (emphasis added).

Further, there is no evidence supporting petitioner's claim that his co-defendant would have exonerated him, nor is there evidence establishing what

the co-defendant's testimony at petitioner's trial actually would have been.  See

Tranakos, 911 F.2d at 1429; Jenkins, 701 F.2d at 857; see also Reynolds v.

Leapley, 52 F.3d 762, 764 (8th Cir. 1995); cf. United States v. Schlei, 122 F.3d

944, 988 (11th Cir. 1997) (criminal defendant was unable to establish that he was

prejudiced by death of witness occurring during delay, where defendant had over

one year following filing of indictment to determine whether witness's testimony

would have been material to defense); United States v. Neal, 27 F.3d 1035, 1043

(5th Cir. 1994) (rejecting claim that criminal defendant was prejudiced by death

of witnesses during delay, where, among other reasons, defendant failed to

explain why his attorney did not take steps to preserve this testimony for trial).

Having carefully weighed these factors, we conclude that the sixteen-month

delay between petitioner's arrest and his trial did not deprive him of his

constitutional right to a speedy trial.


III.   PROSECUTORIAL MISCONDUCT

Finally, petitioner asserts that the prosecutor made improper closing

argument when he indicated that petitioner had lied during his testimony.  We

review petitioner's allegations de novo.  See Duvall v. Reynolds, 131 F.3d 907,

933 (10th Cir. 1997).  Petitioner will not be entitled to habeas relief unless the

alleged misconduct made the entire proceeding so fundamentally unfair as to deny

petitioner due process. <u>See</u> <u>id.</u> The prosecutor's isolated comment made during closing argument insinuating that petitioner lied during his testimony, even if improper, <u>but see</u> <u>Hoxsie v. Kerby</u>, 108 F.3d 1239, 1244 (10th Cir.) ("[I]n a case involving two essentially conflicting stories, it is reasonable to infer, and to argue, that one side is lying.") (further quotation omitted), <u>cert. denied</u>, 118 S. Ct. 126 (1997), was not sufficiently flagrant to have influenced the jury to convict petitioner on grounds other than the evidence presented at trial. <u>See</u> <u>Nguyen</u>, 131 F.3d at 1358-59. Denial of habeas relief was, therefore, appropriate.

The judgment of the United States District Court for the New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge