**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 18, 2007**

**TENTH CIRCUIT**

SCOTT ELSTON,

        Petitioner - Appellant,

        v.

ROY ROBERTS; ATTORNEY
GENERAL OF KANSAS,

        Respondents - Appellees.

No. 06-3404

Kansas

(D.C. No. 06-CV-3093-JTM)

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL *IN FORMA PAUPERIS*,**
**DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPLICATION**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Scott Elston, a state inmate appearing *pro se*,[1] filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  The district court denied the petition

---

[1] We liberally construe Elston's *pro se* pleadings.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

and his subsequent requests for a certificate of appealability (COA) and to proceed *in forma pauperis* (*ifp*) on appeal. Elston renews his application for a COA with this Court, as well as his request to proceed *ifp*. Because Elston has failed to make "a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his application. We also deny his request to proceed *ifp*.

On June 23, 2001, Elston was arrested for aggravated robbery in Lawrence, Kansas. He was arraigned on July 11, 2001, and the case was set for trial on September 4, 2001. On August 29, 2001, Elston's case was assigned to Judge Adrian Allen, an out-of-district judge, because all of the district judges had recused themselves.[2] Two days later, Judge Allen conducted a teleconference with the attorneys. At that conference, the trial date was reset to October 17, 2001.

On the morning of October 17, 2001, Elston filed a motion to dismiss for violation of his right to a speedy trial under the Sixth Amendment of the United States Constitution, § 10 of the Kansas Bill of Rights and KAN. STAT. ANN. § 22-3402. Judge Allen granted the motion and dismissed the case. The State immediately filed a notice of appeal, followed by a motion to reconsider. The next day, Judge Allen granted the motion to reconsider. On November 26, 2001,

---

[2] The district judges recused themselves because after his arrest, Elston married a non-judicial district court employee.

Elston entered a plea of no contest to aggravated robbery. On May 1, 2002, he was sentenced to 100 months imprisonment. He did not file a direct appeal.

On February 13, 2003, Elston filed a petition for post-conviction relief in state court alleging he was denied his right to a speedy trial in violation of the Sixth Amendment of the United States Constitution, § 10 of the Kansas Bill of Rights and KAN. STAT. ANN. § 22-3402. Counsel was appointed to represent Elston. In addition to alleging a violation of Elston's speedy trial rights, counsel argued Judge Allen lacked jurisdiction to reconsider his October 17, 2001 dismissal order. On August 4, 2004, Judge Allen denied Elston's post-conviction petition. The Kansas Court of Appeals affirmed on October 21, 2005, and the Kansas Supreme Court denied review on February 14, 2006.

On March 28, 2006, Elston filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. He alleged (1) his right to a speedy trial under the Sixth Amendment and KAN. STAT. ANN. § 22-3402 was violated and (2) Judge Allen lacked jurisdiction to reconsider his October 17, 2001 dismissal order (a matter of state law). On November 16, 2006, the district court denied Elston's § 2254 petition, finding his Sixth Amendment right to a speedy trial was not violated and his alleged violations of state law were not cognizable under § 2254. *See Elston v. Robert*, No. 06-3093-JTM, 2006 WL 3337504 (D. Kan. Nov. 16, 2006).

Unless we issue a COA, Elston may not appeal the denial of his § 2254

petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). To make the requisite showing, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). "When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With these principles in mind, we have carefully reviewed the record and the district court's order. We agree Elston's state law claims are not cognizable in a § 2254 action. *See* 28 U.S.C. § 2254(a) (stating a court "shall entertain" a § 2254 petition "only on the ground that [the state prisoner] is in custody *in violation of the Constitution or laws or treaties of the United States*") (emphasis added); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding

-4-

whether a conviction violated the Constitution, laws, or treaties of the United States.").

We also agree Elston's Sixth Amendment right to a speedy trial was not violated. Whether a defendant's Sixth Amendment right to a speedy trial has been violated requires us to balance (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial and (4) whether the delay prejudiced the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. Here, approximately five months passed from the time of Elston's arrest to his plea of no contest and four months from his arrest to his October 17, 2001 trial date. *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir.) ("The length of delay is measured from the time at which the speedy trial right attaches: the earlier of either arrest or indictment."), *cert. denied*, 126 S.Ct. 2949 (2006). These delays are not presumptively prejudicial. *See United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (seven and one-half month delay between arraignment and trial not presumptively prejudicial). Even considering the remaining *Barker* factors, they do not favor Elston. The reason for the delay was not chargeable to the State. Rather, it was due to Elston's post-arrest marriage to a district court employee, which required the case to be assigned to an out-of-district judge.

Moreover, while Elston could have asserted his right to a speedy trial at the conference setting the case for trial on October 17, 2001, he waited until the first day of trial to raise it. Lastly, there is no evidence Elston was prejudiced by the delay.

We **DENY** Elston's request for a COA and **DISMISS** the application. Because Elston has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion to proceed *ifp* on appeal is **DENIED**. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). He is directed to remit the full amount of the filing fee within twenty days from the date of this order.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge