FILED
United States Court of Appeals
Tenth Circuit

March 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

DAVID GREGOR,

    Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

    Respondent - Appellee.

No. 11-6244
(D.C. No. 5:09-CV-00464-W)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner, David Gregor, requests a Certificate of Appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. On appeal, Mr. Gregor claims that the violation of his confrontation clause rights under Crawford v. Washington, 541 U.S. 36 (2004), was not harmless, and that he received ineffective assistance of trial and appellate counsel based on the Crawford violation. Aplt. Br. at 3, 6. The Oklahoma Court of Criminal Appeals ("OCCA") held that the Sixth Amendment post-conviction Crawford claim was procedurally barred for failure to raise the claim on direct appeal, a holding not challenged in this appeal. 1 R. 311; Gregor v. Franklin, No. 5:09-cv00464-W, 2011 WL 4401611 at *6 n.5 (W.D. Okla. Aug. 5, 2011). Nevertheless, the OCCA

did consider the Crawford claim in the context of Mr. Gregor's ineffective assistance of counsel claim, and concluded that no confrontation clause violation occurred because the statements in question did not expressly inculpate Mr. Gregor. 1 R. 311-12. To the contrary, on collateral review, both the magistrate judge and the district court concluded that a Crawford violation occurred—for the purposes of assessing the ineffective assistance of counsel claim—when the state trial court admitted testimonial statements to a police officer by a non-testifying co-defendant. Gregor, 2011 WL 4401611 at *6; Gregor v. Franklin, No. 5:09-cv00464-W, 2011 WL 4006576 at *3, n.3 (W.D. Okla. Sept. 8, 2011). Ultimately, however, both the magistrate judge and the district court concluded that the result reached by the OCCA on the ineffective assistance claim was entitled to deference.[1] While we reach the same result, I conclude that the OCCA did not misapply clearly established Supreme Court precedent in determining that there was no Crawford violation, and therefore Mr. Gregor does not succeed on his ineffective assistance of counsel claim under Strickland.

---

[1] The magistrate judge so held because it was reasonable to conclude that the confrontation clause violation was harmless error and did not prejudice Mr. Gregor under the Strickland v. Washington test, 466 U.S. 688 (1984). Gregor v. Franklin, 2011 WL 4401611 at *7-8. The district court concluded that Mr. Gregor could not show that the OCCA's rejection of his ineffective assistance claim was unreasonable given Supreme Court precedent. Gregor v. Franklin, 2011 WL 4006576 at *3.

Background

On March 29, 2007, a jury convicted Mr. Gregor of attempted grand larceny for attempting to steal several pieces of equipment from the Western Equipment yard near Clinton, Oklahoma, on April 16, 2006. None of the five persons charged testified at trial. At trial, the investigator for the Custer County Sheriff's Department testified as to statements made by a co-defendant, Mr. Rackley, during his interrogation:

> I basically asked him what had happened earlier in the morning, and he told me that they had been at Lake Thunderbird all evening and they were on their way to Woodward because Mr. Gregor had to take a urine test for his job. They had stopped in Weatherford and got something to eat and after they left there, the Gregors got into an argument, and she kicked them out. I then asked him what was he doing around Western Equipment, and he then denied being around Western Equipment. I said, "Well, what if I said your footprints were found on the Western Equipment yard?" He said, "Well, I walked through there, but I didn't steal nothing."

2 Trial Tr. 325. On direct appeal, the OCCA held that the statements of Mr. Gregor's non-testifying co-defendant did not deny him his confrontation rights because those statements did not "expressly implicate" him in the crime. 1 R. 315; see Bruton v. United States, 391 U.S. 123, 137 (1968). Mr. Gregor sought post-conviction relief on the theory that introduction of the above statement (1) denied him his rights under Crawford, and (2) should have been raised on direct appeal (ineffective assistance of appellate counsel). The OCCA held that the

former was procedurally barred, and the latter lacked merit because the co-defendant's statement still must expressly implicate the defendant to amount to a Crawford violation. Therefore, there was no Crawford violation and counsel's failure to raise the issue was not deficient. 1 R. 312.

Discussion

To establish ineffective assistance of counsel, Mr. Gregor must prove (1) deficient performance and (2) prejudice. Strickland v. Washington, 466 U.S. 668, 694 (1984). A federal habeas court must defer to the state court's proceedings on Mr. Gregor's ineffective assistance claims unless those proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) contains difficult standards to satisfy—a defendant must show that a state court's ruling is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). Moreover, factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Applying these deferential standards, it is clear that Mr. Gregor's claim for

ineffective assistance of counsel fails under the first requirement of <u>Strickland</u>. Although the magistrate judge concluded that the statements above were "clearly testimonial" under <u>Crawford</u> because they were the product of police interrogation, 541 U.S. at 68, we have observed that "not every statement made in response to an interrogation is testimonial" for purposes of confrontation clause analysis, <u>United States v. Smalls</u>, 605 F.3d 765, 779 (10th Cir. 2010). Rather, the emphasis must be on the responses generated. <u>Davis v. Washington</u>, 547 U.S. 813, 822 n.1 (2006). Moreover, <u>Crawford</u> itself deals with witnesses against the accused bearing *inculpatory* testimonial statements. <u>Crawford</u>, 541 U.S. at 51, 68. Thus, the OCCA could reasonably conclude (as it did with Mr. Gregor's <u>Bruton</u> claim raised on direct appeal) that Mr. Rackley's statement to the officer simply did not inculpate Mr. Gregor in criminal activity, and therefore its introduction did not amount to a <u>Crawford</u> violation. "Federal courts may no longer extract clearly established law from the general legal principles developed in factually distinct contexts. . . . [W]hether the law is clearly established is dispositive of the § 2254(d)(1) analysis." <u>See</u> <u>Lambert v. Workman</u>, 594 F.3d 1260, 1263 (10th Cir. 2010). Accordingly, Mr. Gregor cannot prove deficient performance of counsel under <u>Strickland</u>. Therefore, it is unnecessary to reach <u>Strickland</u>'s prejudice requirement.

We DENY a COA, and DISMISS this appeal.  We GRANT Mr. Gregor IFP status.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

11-6244 - *Gregor v. Franklin*

**HARTZ**, Circuit Judge, concurring:

I concur in the result. I join the district court in believing that the magistrate judge got it right. In my view, the statement by the codefendant was testimonial evidence offered for the truth of the matter asserted. But, after reviewing the trial evidence, I believe that it would not be unreasonable (in fact, I think it would be quite reasonable) to decide that admission of the evidence was harmless error.

11-6244, <u>Gregor v. Franklin</u>

**HOLMES**, J., concurring in the result.

I respectfully concur in the decision to deny Petitioner David Gregor a Certificate of Appealability ("COA"). Specifically, I would hold that reasonable jurists could not debate the district court's conclusion that the Oklahoma Court of Criminal Appeals ("OCCA") did not unreasonably apply <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), in rejecting Mr. Gregor's claim of ineffective assistance of appellate counsel. However, I respectfully disagree with the reasoning of my esteemed colleague, Judge Kelly.

In my view, it was clearly established law under <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), that testimonial statements may implicate the protections of the Sixth Amendment, even if they do not directly inculpate or expressly implicate the defendant. The critical inquiry under <u>Crawford</u> focuses on whether a declarant could have objectively perceived that the primary purpose of his or her statement was for use in a criminal investigation or prosecution—irrespective of whether that statement could incriminate the defendant. <u>See</u> 541 U.S. at 51 (discussing "[v]arious formulations of this core class of 'testimonial' statements"); <u>see also</u> <u>Davis v. Washington</u>, 547 U.S. 813, 822 (2006) (noting that statements made "in response to police interrogation" are "testimonial when the circumstances objectively indicate . . . that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution"); <u>United States v. Smalls</u>, 605 F.3d 765, 778 (10th Cir.

2010) ("Synthesizing Crawford and Davis, we might today formulate a definition of a testimonial statement which reads: a formal declaration made by the declarant that, when objectively considered, indicates the primary purpose for which the declaration was made was that of establishing or proving some fact potentially relevant to a criminal prosecution.").

Therefore, the OCCA unreasonably interpreted Crawford, when it held: "Crawford did not change the principle recognized in Bruton that a co-defendant's statements must directly inculpate the defendant before a confrontation clause violation occurs." R., Vol. 1, at 312 (Order Affirm. Den. of Appl. for Post-Conviction Relief, dated Oct. 7, 2010). In effect, in rejecting Mr. Gregor's distinct Crawford claim, the OCCA rendered the rule of Crawford conterminous with that of Bruton, and concluded that if, as it had previously held, the latter was not violated, then neither could the former have been. However, this reading of Crawford defies logic because Bruton arises in the narrow context of joint trials of co-defendants and is predicated on the Confrontation Clause principles of Crawford; it cannot be read to delimit Crawford's scope. See, e.g., Smalls, 605 F.3d at 768 n.2 ("[T]he Bruton rule, like the Confrontation Clause upon which it is premised, does not apply to nontestimonial hearsay statements." (emphasis added)); see also United States v. Johnson, 581 F.3d 320, 326 (6th Cir. 2009) (noting that "the Bruton rule guards against a risk that arises in joint trials").

Nonetheless, in my view, the OCCA still reasonably concluded under Strickland that Mr. Gregor's appellate counsel was not constitutionally ineffective for failing to present a Crawford claim because such a claim would have been without merit. In his supplemental brief before the district court, Mr. Gregor focused his Crawford arguments on the testimony of co-defendant Rackley. I agree with the district court (as well as the magistrate judge) that co-defendant Rackley's statements were "clearly testimonial" under Crawford. R., Vo. 1, at 371 n.3 (Dist. Ct. Order, dated Sept. 8, 2011). However, when statements are not admitted for a hearsay purpose (i.e., to prove the truth of the matter asserted), they do not fall within the protective ambit of Crawford. See 541 U.S. at 59 n.9 (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"); see also United States v. Pablo, 625 F.3d 1285, 1291 (10th Cir. 2010) ("A defendant's confrontation rights are implicated by the admission of testimonial statements against him, however, only when they are admitted to establish the truth of the matter asserted in the statement."). As the State has repeatedly asserted in this litigation, the co-defendants' statements "were not offered to establish the truth of what the co-defendants said," R., Vol. 1, at 254 (Resp. to Suppl. Br. of Pet'r, dated Nov. 19, 2010), and, in particular, co-defendant Rackley's statements were "offered only to show that the statements were made, and that they were inconsistent," id. Accordingly, the admission of those

statements—in particular, co-defendant Rackley's statements—did not implicate the protections of <u>Crawford</u> and, consequently, Mr. Gregor's appellate counsel could not be deemed constitutionally ineffective for failing to assert a <u>Crawford</u> claim. The OCCA's rejection of Mr. Gregor's claim for ineffective assistance of appellate counsel was thus not an unreasonable application of <u>Strickland</u>, and reasonable jurists could not debate this outcome. Accordingly, on this claim, I would deny Mr. Gregor a COA.