ORDER DENYING CERTIFICATE OF APPEALABILITY
PAUL KELLY, JR., Circuit Judge.
Petitioner, David Gregor, requests a Certificate of Appealability (“COA”) to appeal the district court’s denial of his 28 U.S.C. § 2254 petition. On appeal, Mr. Gregor claims that the violation of his confrontation clause rights under Craw *710 ford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was not harmless, and that he received ineffective assistance of trial and appellate counsel based on the Crawford 'violation. Aplt. Br. at 3, 6. The Oklahoma Court of Criminal Appeals (“OCCA”) held that the Sixth Amendment post-conviction Crawford claim was procedurally barred for failure to raise the claim on direct appeal, a holding not challenged in this appeal. 1 R. 311; Gregor v. Franklin, No. 5:09-cv00464-W, 2011 WL 4401611 at *6 n. 5 (WD.Okla. Aug.5, 2011). Nevertheless, the OCCA did consider the Crawford claim in the context of Mr. Gregor’s ineffective assistance of counsel claim, and concluded that no confrontation clause violation occurred because the statements in question did not expressly inculpate Mr. Gregor. 1 R. 311-12. To the contrary, on collateral review, both the magistrate judge and the district court concluded that a Crawford violation occurred — for the purposes of assessing the ineffective assistance of counsel claim — when the state trial court admitted testimonial statements to a police officer by a non-testifying co-defendant. Gregor, 2011 WL 4401611 at *6; Gregor v. Franklin, No. 5:09-cv00464-W, 2011 WL 4006576 at *3, n.3 (W.D.Okla. Sept. 8, 2011). Ultimately, however, both the magistrate judge and the district court concluded that the result reached by the OCCA on the ineffective assistance claim was entitled to deference.[1] While we reach the same result, I conclude that the OCCA did not misapply clearly established Supreme Court precedent in determining that there was no Crawford violation, and therefore Mr. Gregor does not succeed on his ineffective assistance of counsel claim under Strickland.

Background

On March 29, 2007, a jury convicted Mr. Gregor of attempted grand larceny for attempting to steal several pieces of equipment from the Western Equipment yard near Clinton, Oklahoma, on April 16, 2006. None of the five persons charged testified at trial. At trial, the investigator for the Custer County Sheriffs Department testified as to statements made by a co-defendant, Mr. Rackley, during his interrogation:
I basically asked him what had happened earlier in the morning, and he told me that they had been at Lake Thunderbird all evening and they were on their way to Woodward because Mr. Gregor had to take a urine test for his job. They had stopped in Weatherford and got something to eat and after they left there, the Gregors got into an argument, and she kicked them out. I then asked him what was he doing around Western Equipment, and he then denied being around Western Equipment. I said, “Well, what if I said your footprints were found on the Western Equipment yard?” He said, “Well, I walked through there, but I didn’t steal nothing.”
2 Trial Tr. 325. On direct appeal, the OCCA held that the statements of Mr. Gregor’s non-testifying co-defendant did not deny him his confrontation rights because those statements did not “expressly implicate” him in the crime. 1 R. 315; see Bruton v. United States, 391 U.S. 123, 137, *711 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Mr. Gregor sought post-conviction relief on the theory that introduction of the above statement (1) denied him his rights under Crawford, and (2) should have been raised on direct appeal (ineffective assistance of appellate counsel). The OCCA held that the former was procedurally barred, and the latter lacked merit because the codefendant’s statement still must expressly implicate the defendant to amount to a Crawford violation. Therefore, there was no Crawford violation and counsel’s failure to raise the issue was not deficient. 1 R. 312.

Discussion

To establish ineffective assistance of counsel, Mr. Gregor must prove (1) deficient performance and (2) prejudice. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A federal habeas court must defer to the state court’s proceedings on Mr. Gregor’s ineffective assistance claims unless those proceedings “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) contains difficult standards to satisfy—a defendant must show that a state court’s ruling is “so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter,—U.S.—,—-—, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). Moreover, factual findings made by state courts are presumed correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).
Applying these deferential standards, it is clear that Mr. Gregor’s claim for ineffective assistance of counsel fails under the first requirement of Strickland. Although the magistrate judge concluded that the statements above were “clearly testimonial” under Crawford because they were the product of police interrogation, 541 U.S. at 68, 124 S.Ct. 1354, we have observed that “not every statement made in response to an interrogation is testimonial” for purposes of confrontation clause analysis, United States v. Smalls, 605 F.3d 765, 779 (10th Cir.2010). Rather, the emphasis must be on the responses generated. Davis v. Washington, 547 U.S. 813, 822 n. 1, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Moreover, Crawford itself deals with witnesses against the accused bearing inculpatory testimonial statements. Crawford, 541 U.S. at 51, 68, 124 S.Ct. 1354. Thus, the OCCA could reasonably conclude (as it did with Mr. Gregor’s Bruton claim raised on direct appeal) that Mr. Rackley’s statement to the officer simply did not inculpate Mr. Gregor in criminal activity, and therefore its introduction did not amount to a Crawford violation. “Federal courts may no longer extract clearly established law from the general legal principles developed in factually distinct contexts----[Wjhether the law is clearly established is dispositive of the § 2254(d)(1) analysis.” See Lambert v. Workman, 594 F.3d 1260, 1263 (10th Cir.2010). Accordingly, Mr. Gregor cannot prove deficient performance of counsel under Strickland. Therefore, it is unnecessary to reach Strickland’s prejudice requirement.
We DENY a COA, and DISMISS this appeal. We GRANT Mr. Gregor IFP status.

. The magistrate judge so held because it was reasonable to conclude that the confrontation clause violation was harmless error and did not prejudice Mr. Gregor under the Strickland v. Washington test, 466 U.S. 668, 104 S.Ct. 2052 (1984). Gregor v. Franklin, 2011 WLf 4401611 at *7-8. The district court concluded that Mr. Gregor could not show that the OCCA’s rejection of his ineffective assistance claim was unreasonable given Supreme Court precedent. Gregor v. Franklin, 2011 WL 4006576 at *3.