**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DELANO MEDINA,

        Petitioner - Appellant,

v.

DEAN WILLIAMS, Executive Director
Colorado Department of Corrections;
PHIL WEISER, Attorney General of the
State of Colorado,

        Respondents - Appellees.[*]

No. 18-1386
(D.C. No. 1:18-CV-01912-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

Petitioner Delano Medina seeks a certificate of appealability to appeal the district

court's dismissal of his § 2254 habeas corpus petition.

Petitioner was convicted of assault by a Colorado court and sentenced to four years

of imprisonment. In this federal habeas action, he contends that his conviction and

---

[*] Pursuant to Fed. R. App. P. 43 (c) (2), Dean Williams replaces Rick Raemisch
and Phil Weiser replaces Cynthia Coffman as the respondents in this matter.

[**] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence violated his Fourteenth Amendment due process and equal protection rights because the trial court "lost jurisdiction of the case according to C.R.S. 16-14-104," Colorado's Uniform Mandatory Disposition of Detainers Act, when his trial did not occur within the amount of time mandated by the state statute. (Appellant's Br. at 6.) The district court held that Petitioner had not asserted a cognizable claim for federal habeas corpus relief and accordingly dismissed the petition.

We are persuaded that reasonable jurists would not debate the district court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although Petitioner characterizes his claim as a federal claim, it is entirely premised on an alleged violation of state law by the state court. As the Supreme Court has repeatedly emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "Because [Petitioner]'s claim, when pared down to its core, rests solely upon an interpretation of [Colorado]'s case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). Moreover, as numerous courts have held, "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also, e.g.*, *Wright*, 151 F.3d at 158 (holding that federal court was bound by state court determination of jurisdiction where the alleged jurisdictional defect was "based solely upon an interpretation of state law"); *Lambert v.*

*Workman*, 594 F.3d 1260, 1264 (10th Cir. 2010) (rejecting argument relating to state appellate court's jurisdiction as "beyond the purview of federal habeas review," with citations to *Wright* and *Poe*); *United States ex rel. Roche v. Scully*, 739 F.2d 739, 741–42 (2d Cir. 1984) ("'[N]o federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law.'" (quoting *United States v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969))).

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge